OWEN, Judge.
The appellees, Mr. and Mrs. Finlay, struck up a conversation with Donn A. Wolfe in a bar, and before the day was over they had signed a five-year lease on his $40,000 home on the intercoastal waterway in Pompano, Florida at a rental of $50 per month, furnished. The Finlays spent three or four weeks cleaning and repairing to make the premises habitable and had just moved in when they received notice from appellant, Henry S. Richards, advising them that he was the owner of the premises, and demanding that they immediately surrender possession. Appellees’ understandable reluctance to do so led to Richards filing these eviction proceedings which, after nonjury trial, terminated in a judgment unfavorable to plaintiff-appellant.
Donn A. Wolfe is a beneficiary of a trust established by his late father. First National Bank of Akron, Ohio is the trustee. In 1967 the house in question was purchased by the trustee in order that Wolfe and his family might have a place to live. Title was taken in the name of Richards who is a trust officer of the trustee bank. For two years Wolfe and his family lived in the house rent free without any written lease and solely at the grace of the trustee. Wolfe’s family then moved out and only Wolfe and his two dogs were occupying the premises at the time he signed the lease with the Finlays on July 18, 1969. It may have been “his house” in the sense that it was where he was then residing, but he obviously had no legal estate, either in fee simple or for a term of years, which in his own right he could lease to the Finlays.
It is clear from the record, as well as appellant’s brief and oral argument before this court, that the sole issue upon which this case was tried was whether Wolfe signed the lease as the agent for the true owner and if so, whether he had actual or apparent authority to so act. Upon a review of the entire record we are satisfied that there is absolutely no evidence of agency on the part of Wolfe, nor any evidence that the Finlays dealt with Wolfe in any capacity other than as principal. Since an agency did not exist in the first instance, collateral questions, viz: (1) the scope of the agent’s authority, either real or apparent, and (2) the principal’s subsequent ratification of the agent’s unauthorized acts, simply are not involved here. Standing alone, the fact that the owner permitted Wolfe to be in actual possession of the premises cannot create Wolfe the agent of the owner for the purpose of leasing the premises to another. Otherwise, every tenant’s actual possession could be construed as making the tenant an agent of the owner for that purpose.
The justice of this cause requires that we grant appellant a new trial. Upon *169 remand the trial court may, in its discretion, afford the parties appropriate opportunity to clarify and perfect certain of the pleadings, if they are so advised. The complaint is framed as one brought under the statute for removal of delinquent tenants (F.S. Sections 83.20 et seq., F.S.A.) whereas the facts appear to more appropriately support a statutory proceeding for unlawful detainer (F.S. Section 82.04, F. S.A.). The appellees filed a so-called crossclaim against Donn A. Wolfe for their damages in the event plaintiff successfully evicted them, but apparently ap-pellees never sought leave of court under Rule 1.170 R.C.P., 33 F.S.A. to have Wolfe brought in as an additional party defendant so that the crossclaim against him could be perfected.
The judgment is reversed and this cause remanded for further proceedings consistent herewith.
Reversed and remanded.
WALDEN and MAGER, JJ., concur.